ALBERT BEAURIEDL, an Infant, by GENEVIEVE BEAURIEDL, His Guardian ad Litem, Respondent, v. CITY OF SYRACUSE, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the findings of negligence and contributory negligence are against the weight of the evidence. All concur. (The judgment is for damages in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

ANNA BUONO, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for death benefit under an industrial insurance policy. The order denies a motion for a new trial on the minutes.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Appellant, v. FRANK FERGUSON, Respondent.— Judgment and order reversed on the law and the facts, with costs, and judgment granted in favor of the plaintiff and against the defendant for fifty dollars, with costs. Memorandum: A demand is not a condition precedent to a right of recovery by plaintiff in this action. In the memorandum of this court (241 App. Div. 916), handed down after the first trial, we did not use the word " demand " with reference to an essential requisite of plaintiff's proof but only as referring to the period within which consent must have been found by the jury under the record there presented. The statute (General Business Law, § 270) is plain. It prohibits the use of a milk can without the owner's consent. This record is replete with testimony that as alleged in the complaint defendant had for a long time had possession of plaintiff's milk cans and on June 10, 1933, was using them without the consent of plaintiff; and the finding to the contrary is against the weight of the evidence. Consent cannot reasonably be inferred from the testimony. Even if the jury's answers to the submitted questions were correct, the direction of a verdict should have been in favor of plaintiff. All concur. (The judgment was for defendant upon special findings in an action to recover penalties. The order denied a motion for a new trial on the minutes.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

STELLA WISNIEWSKI, Appellant, v. NATIONAL BREAD COMPANY, Respondent. — Same decision and like cause of action as in companion case of Miller v. National Bread Company (ante, p. 88), decided herewith. The decision in the Miller case reads: " Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Per Curiam Opinion. All concur, except Thompson, J., who dissents and votes for affirmance. (The judgment dismissed the complaint in an action for damages caused by eating bread containing foreign matter.) " Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

JOSEPH DUFFIELD, Respondent, v. HORACE W. MOFFETT, MULVADO MOFFETT, Defendants, ANNA STACK and FRANK STACK, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment·is for damages in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.